# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CR - No.1:24-00112-TFM-N** |
| ) | |
| **EXAVIERIA DEAGNES MAXIE** ) | |

## ORDER ON ARRAIGNMENT AND PRELIMINARY SCHEDULING ORDER

Defendant, Exavieria Deagnes Maxie, appeared in Court with appointed counsel Maxine Walters. The United States was represented by Assistant United States Attorneys George May and Justin Roller.

PLEA. All Defendants entered a plea of **NOT GUILTY**. Counsel for each defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. If a defendant decides to change their plea, counsel for that defendant shall provide notice of such intent[1] no later than the pretrial conference and the defendant will then be set for a change-of-plea hearing. If a defendant files a Notice of Intent to Plead Guilty prior to the pretrial conference, the Court will schedule a change-of-plea hearing based on the directions of the district judge to which the case is assigned.

TRIAL. This action is set for trial beginning **March 31, 2025**. Jury selection is scheduled for **March 24, 2025**; however, the final jury selection and trial schedule will be published by the presiding District Judge no later than the Wednesday prior to the week of jury selection. A request to reschedule the trial term may be presented in a joint motion if the parties agree that due to the nature of the case, more time is needed for discovery and adequate preparation by defense counsel.

---

[1] The Notice of Intent to Plead Guilty shall reflect the specific count(s) to which Defendant will plea and whether this is a plea agreement.

Motions to continue not raised prior to or during the Pretrial Conference are waived except in those situations when events occurring after the Pretrial Conference require an extension of the original period.

Proposed VOIR DIRE questions, JURY INSTRUCTIONS, and any related DISPUTES shall be submitted **no later than one week before the date of jury selection**.

DISCOVERY. Discovery in this action shall be conducted according to the requirements of S.D. Ala. CrLR 16. If the United States has not provided the information required by S.D. Ala. CrLR 16(b)(1) at the time of arraignment, a notice shall be filed no later than **October 15, 2024,** which identifies the outstanding discovery and provides the anticipated production date.

EXPERT DISCLOSURES. Any expert disclosure required or contemplated by Fed. R. Crim. P. 16, the Local Rules, or the Federal Rules of Evidence, must be completed no later than **December 2, 2024**. All challenges to expert witnesses must be filed no later than **the pretrial motions deadline**.

In compliance with the Sullivan-Durbin Due Process Protections Act, the United States is ordered to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S .Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.

JENCKS ACT STATEMENTS. The Government agrees to provide defense counsel with all Jencks Act statements no later than the **one week before the date of jury selection**.

PRETRIAL MOTIONS. All pretrial motions under Fed. R. Crim. P. 12(b), 14 and 16 and all notices or demands under Fed. R. Crim. P. 12.1, 12.2, and 12.3, and S.D. Ala. CrLR 12.5 (entrapment), and any motions to compel must be filed no later than **January 6, 2025**. Pretrial motions filed after this date **must** contain an explanation as to why they were not timely filed and will be considered only if good cause for the tardy filing has been shown. Responses to any pretrial motions, and notices and demands if appropriate, must be filed no later than **January 27, 2025**. Hearings on pretrial motions will be held **the week of February 3, 2025**. **Counsel are reminded that they are to be available at any time during the week for hearings on any motion.**

No other briefing or submissions addressing pretrial motions, notices, or demands may be filed without leave of the Court for good cause shown.

PRELIMINARY SENTENCING GUIDELINES INFORMATION & PROBATION / STATUS OFFICE CONFERENCE. The United States Probation Officer assigned to this case, **Heath Impastato**, is directed to prepare and file preliminary guideline sentencing calculations based on the relevant information that is available. The preliminary report is to be filed no later than SEVEN DAYS PRIOR TO THE BELOW SCHEDULED CONFERENCE, so that the parties will have sufficient time to review the report prior to the probation conference. The filing of these preliminary calculations is solely for the purpose of providing the attorneys and defendants with information that may be helpful in analyzing the possible applications of the United States Sentencing Guidelines and in preparing the case for trial or other resolution. Counsel shall be prepared to raise any questions or concerns about the calculations during the status conference.

The TELEPHONIC PROBATION OFFICE CONFERENCES will be set for **November 7, 2024** by separate order. Defense counsel, Defendant (if on bond), and lead Assistant United States Attorney, are directed to participate at the probation office conference. The attorneys are expected to have conferred with their clients and to have thoroughly reviewed the preliminary report and discovery materials prior to the probation office conference so as to foster meaningful discussions about the ultimate disposition of the case. The probation office conference represents a critical stage in the criminal proceedings; thus, participation by all attorneys is **mandatory**. The date and time of the probation office conference can be modified only with the consent of the assigned Probation Officer, and approval of the Magistrate Judge, but in no event will the conference be conducted within seven days prior to the pretrial conference.

In those instances where a Notice of Intent to Plead Guilty is filed prior to the probation office conference date, is not necessary for counsel or the Defendant to appear for the probation office conference, provided defense counsel has also executed and filed a Certification of Preliminary Guideline Calculations (Attachment 2) along with a Notice of Intent to plead guilty.

CASE STATUS CONFERENCES. This action is scheduled for **TELEPHONIC CASE STATUS CONFERENCES** with the undersigned Magistrate Judge on **December 6, 2024, at 10:00 a.m. (Central)** and **January 31, 2025,** at **10:00 a.m. (Central)**. **Call in number 571-353-2301, Guest ID# 002111802.** An **IN PERSON STATUS CONFERENCES** with United States

District Judge Terry Moorer will be held on **November 6, 2024, at 10:00 a.m. (Central)**, and **January 15, 2025, at 12:00 p.m. (Central)** in Courtroom 3B. Defense counsel, Defendant (if on bond), and lead Assistant United States Attorney, are directed to participate at the case status conferences.

**ALL DEFENDANTS ON BOND SHALL APPEAR FOR THESE IN PERSON CONFERENCES. THOSE DEFENDANTS IN CUSTODY WILL BE PRODUCED BY THE MARSHAL.**

MANDATORY APPEARANCE OF COUNSEL. Counsel of record for all parties are ORDERED to appear at all future Court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not serve as counsel for a co-defendant unless permitted by the Court after proper motion.

LOCAL RULES. All parties are reminded that the Local Rules and Standing Orders of the Southern District of Alabama contain important requirements concerning discovery, representation of defendants, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), and posted on the Court's website, https://www.alsd.uscourts.gov. Since they are amended from time to time, the most current version may be the version posted by the Clerk of Court.

DISCLOSURE STATEMENTS. If a party is required to file a disclosure statement pursuant to Rule 12.4, Fed. R. Crim. P. and S.D. Ala. CrLR 12.4, the statement or statements shall be filed no later than 14-days from the date of this order.

DONE and ORDERED this the 1st day of October, 2024.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT 1
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR - No.1:24-00112-TFM-N |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATION REGARDING THE PRELIMINARY GUIDELINE CALCULATIONS OF THE PROBATION OFFICER

The Court, during the arraignment hearing, directed the United States Probation Officer to prepare preliminary calculations, consistent with United States Sentencing Guidelines, as an aide to the parties' efforts to determine the range of possible sentences that could be imposed should the Defendant be found guilty on any pending charge. It was intended that the Court, the Defendant, Defendant's attorney and the Assistant United States Attorney, would have had an opportunity to examine the report on preliminary calculations prior to the pretrial conference. It was also recognized that the calculations would be based on the Probation Officer's review of the relevant information available to the Probation Officer at the time his report is completed and filed.

The Probation Officer in this action has completed the preliminary guideline calculations and they have been shared with the parties. After receipt and review of these preliminary calculations, counsel certifies to the following:

    1.    A copy of the Probation Officer's report containing the preliminary guideline calculations has been shown to the Defendant and we discussed the guideline calculations contained in the report;

    2.    I have provided the Defendant with an independent assessment of the preliminary guideline calculations contained in the report;

      3.    The Defendant has been given an opportunity to ask questions regarding the preliminary guideline calculations and I have responded to those questions; and

      4.    The Defendant was advised that the preliminary guideline calculations contained in the report are based on the Probation Officer's review of the relevant information available to him/her at the time the report was completed and filed, and that the United States Sentencing Guidelines are advisory and do not bind the Court. Furthermore, the Defendant was also advised that the preliminary guideline calculations might be different from the final calculations in the event he/she is found guilty on any pending charge and a presentencing report is ordered.

I certify under the penalty of perjury that the foregoing is true and correct on this the _____ day of _____, 2024.

                                            _____
                                            Attorney's Signature

                                            _____
                                            Attorney's Name Printed

                                            Attorney for Defendant_____